UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUSU DAVID DUKULY, Plaintiff, vs. DARCIE RIVES-EAST, Defendant. | CIV. 4:18-CV 04040-KES ORDER GRANTING MOTION TO DISMISS |

Plaintiff, Jusu Dukuly, brought suit against defendant alleging violations of school academic policy, intimidations and harassment, discriminations, projected criticisms, academic distress, emotional distress, psychological distress, pain and suffering, failure to post grades, defamation of character, and a Family Educational Rights and Privacy Act (FERPA) violation. Docket 1 ¶ V. Defendant Augustana[1] moves to dismiss Dukuly's complaint under 12(b)(6) of the Federal Rules of Civil Procedure. Dukuly opposes the motion. For the following reasons, defendant's motion to dismiss is granted. Docket 20.

---

[1] Plaintiff names Darcie Rives-East as the defendant. She is being sued in her professional capacity as an associate professor and is employed by Augustana University, an educational institution. FERPA applies only to educational institutions. Thus, Augustana is the proper defendant in this case. The court will henceforth treat Augustana as such.

**BACKGROUND**

Dukuly filed a *pro se* complaint on April 16, 2018, naming defendant, Augustana, and alleging a FERPA violation among other claims. Docket 1 ¶ V. On April 17, 2018, this court granted Dukuly's motion for leave to proceed in forma pauperis. Docket 9.

Dukuly was enrolled in English 200C, taught by Dr. Rives-East at Augustana. The alleged FERPA violation occurred when Dr. Rives-East provided a detailed video presentation to Augustana administrators and faculty members documenting and answering each of Dukuly's allegations. Docket 1. Dukuly alleges that Dr. Rives-East violated his rights under FERPA by sharing the video to third parties. *Id.* ¶ IV. Additionally, Dukuly is suing Dr. Rives-East for numerous other state-law claims.

Augustana has a written FERPA policy concerning challenges to the contents of education records.

> Any student who believes their education record contains information that is inaccurate or misleading or otherwise in violation of their privacy is encouraged to informally discuss this concern with a university administrator responsible for the department or area in which the record is located. If the administration decides to not amend the record as requested, the student may contact the Dean of Students Office relative to an appeal hearing. Students have a right to file a complaint with the U.S. Department of Education concerning alleged failures by the University to comply with requirements of FERPA. The name and address of the office that administers FERPA is: Family Policy Compliance Office, U.S. Department of Education, 400 Maryland Avenue, SW., Washington, DC, 20202-4605.

Docket 1-5 at 4. Every Augustana student has access to this policy and is able to follow this policy in addressing any FERPA grievance with either school

administration or the Department of Education.

A series of emails were exchanged between Dukuly and Dr. Rives-East concerning the allegations Dukuly brings before the court. Docket 1-3. The emails concerned Dukuly's issue with his midterm grade of a "D" received in Dr. Rives-East's course. *Id.* at 6. In response to the email correspondence with Dukluly, Dr. Rives-East documented by video her grading rubric, essay feedback (including grading, editing, and recommendations on Dukuly's personal essay submission), and numerous email conversations offering both personal assistance and contact with tutors. Dr. Rives-East's video was initially sent to Dukuly and three relevant faculty and administrative personnel including: Dr. Loren Koepsell (Dukuly's academic advisor), Dr. Janet Blank-Libra (English department chair), and Dr. Mitch Kinsinger (Associate Vice President of Academic Affairs). In response, Dukuly emailed Dr. Rives-East stating that he would bring this situation before the Augustana board and the president of the university, Stephanie Herseth Sandlin. *Id.* at 7. Then, Dr. Rives-East replied via email requesting that Dukuly be removed from her English 200C course, with a copy to Dr. Jerry Jorgensen (Senior Vice President of Academic Affairs) and Dr. Jeffery Miller (Humanities Division Chair).

Dukuly filed a complaint in federal court against Dr. Rives-East. Docket 1. In response to the complaint, Augustana filed a motion to dismiss for failure to state a claim. Docket 19. Dukuly opposes the motion to dismiss.

**LEGAL STANDARD**

A court may dismiss a complaint "for failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The factual content in the complaint must " 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As a *pro se* plaintiff, the court lowers the pleading standards liberally in favor of the complaint; however, the court " 'will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded.' " *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

If the complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 556). Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but

they do not require dismissal of a complaint for imperfectly stating a claim.

**DISCUSSION**

I. **No Private Right of Action Under FERPA**

Dukuly brings a claim stating a FERPA violation was committed by Dr. Rives-East when she sent her video link to faculty and administrative members of Augustana University. Dukuly, however, cannot bring a claim under FERPA because the statute does not give rise to a private right of action. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002) ("FERPA's nondisclosure provisions contain no rights-creating language, they have an aggregate, not individual, focus, and they serve primarily to direct the Secretary of Education's distribution of public funds to educational institutions."). Augustana's FERPA policy outlines the process by which a student could claim a FERPA violation. The process within the FERPA statute calls for a complaint to be filed with the United States Department of Education. Under the United States Department of Education, the Family Policy Compliance Office (FPCO) "reviews, investigates, and processes complaints of alleged violations of FERPA." Docket 27 at 1. Here, the proper avenue for a remedy of a FERPA violation is through the FPCO, not the courts. Thus, dismissal with prejudice is proper because Dukuly's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

II. **Decline Supplemental Jurisdiction over State-Law Claims**

In addition to the FERPA claim, other claims asserted by Dukuly include: violations of school/academic policy, intimidations and harassment,

5

discriminations, projected criticisms, academic distress, emotional distress, psychological distress, pain and suffering, violations to consent for disclosure of information to third parties, failure to post grades, and defamation of character. Docket 1 ¶ V. These are all state-law claims and they do not present a claim under any federal law or the Constitution. Under 28 U.S.C. § 1367(c)(3), the district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Because the FERPA claim was the only claim over which this court had original jurisdiction,[2] the court exercises its discretion and dismisses the state-law claims. This matter is in its early stage and no discovery has been completed. If Dukuly wants to pursue his state-law claims, he should do so in state court. Thus, the state-law claims are dismissed without prejudice.

## CONCLUSION

Dukuly has failed to state a claim upon which relief may be granted for his federal question claim under FERPA, so it is dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the state-law claims and they are dismissed without prejudice. Thus, it is

ORDERED that Augustana's motion to dismiss (Docket 19) is granted.

IT IS FURTHER ORDERED that Dukuly's motion to appear (Docket 21), Dukuly's motion for service of subpoena (Docket 24), and Dukuly's motion to

---

[2] Dukuly does not allege that the court has diversity jurisdiction over this matter. Both plaintiff and defendant are residents of South Dakota.

schedule a hearing (Docket 28) are denied as moot.

DATED this 26th day of July 2018.

BY THE COURT:

*Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE